**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LAURA AMANDA COLLINS** | **CIVIL ACTION NO. 25-2106** |
| **VERSUS** | **DISTRICT JUDGE ELDON E. FALLON** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | **MAG. JUDGE MICHAEL B. NORTH** |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss filed by Defendant Wexford Health Sources, Inc. ("Wexford"). R. Doc. 31. Although the Court granted *pro se* Plaintiff Laura Amanda Collins's motion for an extension of time to file a response to Wexford's motion, R. Docs. 32, 33, Collins missed the extended deadline and now moves the Court for another extension. R. Doc. 34. Additionally, Collins requests leave to file an amended complaint, R. Doc. 36, the appointment of counsel, R. Doc. 35, and copies of the exhibits submitted with her original complaint, R. Doc.34. Having considered Wexford's motion and Collins's motions in light of the applicable law and record facts, the Court will DENY Wexford's motion, rendering Collins' request for an extension of time to oppose said motion moot, for the following reasons. Additionally, the Court will DENY the appointment of counsel to represent Collins in this action, but will GRANT Collins's motion for leave to file an amended complaint and her request for copies of documents.

## I. BACKGROUND & PRESENT MOTIONS

As is relevant to the motions presently before the Court, Collins, an incarceree in the Orleans Justice Center, filed the instant suit against Wexford and other defendants asserting civil rights claims relative to the conditions of her confinement, including the alleged denial of medical care. R. Doc. 7. Specifically, Collins claims that she has been the victim of sexual harassment,

physical threats, beating, and retaliation by the officer defendants, and that she was "denied recreation time, denied medical and legal mail[.]" *Id.* at 4. Several months later, Wexford filed its motion to dismiss, arguing pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6) that Collins's claims against it should be dismissed for failure to timely effect service and failure to state a viable claim. R. Doc. 31. The Court granted Collins's first motion for an extension of time to respond to Wexford's motion. R. Docs. 32, 33. However, rather than submit a response, Collins filed a second motion for an extension of time, asserting that she requires copies of the documents she attached to her complaint in order to draft an amended complaint in response to Wexford's motion to dismiss. R. Doc. 34. Collins also requests the appointment of counsel to represent her in this action, R. Doc. 35, and leave to file an amended complaint, R. Doc. 36.

## II. DISCUSSION

In its motion to dismiss, Wexford argues first that Collins' claims against it should be dismissed for failure to serve it with the complaint within 90 days of filing as required by Federal Rule of Civil Procedure 4(m). R. Doc. 31. Given that Collins is a *pro se*, incarcerated plaintiff, she is reliant on the United States Marshals Service to effectuate timely service. The Marshals were directed by the Court to effect service upon Wexford and summons was issued on January 22, 2026. As of the date of this order, no return of service upon Wexford has been filed into the record, and Wexford asserts it was never served. However, that failure cannot be attributed to Collins, and dismissal of Collins's claims on this basis would not be in the interest of justice. That being the case, the Court will exercise its discretion under Rule 4(m) to extend the time within which service must be effected upon Wexford and will renew its order that the United States Marshal effect such service.

Secondly, Wexford argues that Collins fails to state a viable claim against it because Colllins merely states that she was "denied medical[,]" without providing any factual allegations or even attributing that denial of medical care to Wexford specifically. R. Doc. 7 at 4; *see also* R. Doc. 31-1 at 4–6. Wexford is correct. However, Collins seeks leave to amend her complaint. R. Doc. 36. It is axiomatic that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc.—the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)). Due to the "liberal pleading presumption" underlying Rule 15, the Rule "evinces a bias in favor of granting leave to amend," such that "the term 'discretion' in this context 'may be misleading[.]'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). While courts may deny leave to amend if amendment would be futile, *see Stripling*, 234 F.3d at 872–73, the Court cannot hold on the basis of the record before it that permitting Collins to amend her complaint to plead more specific and individualized allegations against Wexford and, if desired, the other named defendants, would be futile. Accordingly, the Court will deny Wexford's motion to dismiss and grant Collins leave to amend her complaint. In order to facilitate Collins to amend her complaint, the Court will also grant Collins' request for copies of the documents she submitted to the Court as attachments to her complaint.

As to Collins's motion for the appointment of counsel, R. Doc. 35, a civil rights plaintiff has no constitutional or statutory right to appointed counsel. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1981). A court may, however, appoint counsel in exceptional circumstances. *Id.* In deciding whether exceptional circumstances exist, courts within the Fifth Circuit apply the four

factors identified in *Ulmer v. Chancellor*: (1) the type and complexity of the case; (2) the plaintiff's ability to present his case adequately; (3) his ability to investigate the facts; and (4) whether the case will likely involve conflicting testimony that requires skilled presentation of evidence and cross-examination. 691 F.2d 209, 213 (5th Cir. 1982). Courts may also consider whether appointing counsel would promote the efficient and equitable resolution of the case. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986). Because every *pro se* litigant would benefit from counsel, the plaintiff bears the burden of showing that her circumstances differ from those of the typical *pro se* litigant. *James v. City of Deer Park*, No. 4:18-CV-646, 2018 WL 11353746, at *2 (S.D. Tex. June 7, 2018).

Applying the *Ulmer* factors here, the Court concludes that this case does not present exceptional circumstances. Collins's claims involve issues that courts routinely address in prisoner civil rights litigation and do not present unusual legal or factual complexity. *See Lazard v. Gusman*, No. 14-2860, 2015 WL 5882984, at *2 (E.D. La. Oct. 8, 2015). Plaintiff has also demonstrated that she can articulate her claims and file appropriate pleadings, and nothing in the record suggests that she cannot investigate the relevant facts. Although the Court recognizes the challenges Collins faces as an incarcerated *pro se* litigant, those challenges do not materially differ from those that other *pro se* litigants routinely encounter. Collins therefore has not shown the exceptional circumstances necessary to justify appointing counsel.

## III. CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Wexford's Motion to Dismiss, R. Doc. 31, is **DENIED**.

**IT IS FURTHER ORDERED** that Collins's Motion for an Extension of Time to File a Response to Wexford's Motion, R. Doc. 34, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Collins's Motion for Leave to File an Amended Complaint, R. Doc. 36, is **GRANTED** and that Collins must file her amended complaint no later than November 6, 2026.

**IT IS FURTHER ORDERED** that the Clerk of Court mail to Collins at Orleans Justice Center, 3000 Perdido St., New Orleans, LA 70119, a copy of all documents at R. Doc. 12. in this matter, as well as a copy of this order.

**IT IS FURTHER ORDERED** that Collins's Motion to Appoint Counsel, R. Doc. 35, is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by the Orleans Parish Sheriff's Office and the individual officer defendants, R. Doc. 25, is **DENIED AS MOOT**, without prejudice to those defendants' right to reurge their motion in response to Collins's amended complaint once filed, if desired.

**IT IS FURTHER ORDERED** that that the Clerk of the Court again issue summons and complete the U.S. Marshals Service Process Receipt and Return form ("USM-285") for Defendant Wexford Health Sources, Inc. The Clerk of Court shall provide the form USM-285, completed summons, a copy of plaintiff's complaint, and this Order (the "Service Packet") to the United States Marshal.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the United States Marshal shall effectuate timely service upon Wexford at the address provided in the Service Packet, and file proof of service in accordance with Fed. R. Civ. P. 4(1) within 90 days of receipt of the Service Packet from the Clerk of Court. The United States Marshal shall deliver a return of service of the summons, with the completed USM-285 form attached, to the Clerk of Court within five business days of service, and, if unexecuted, shall state

with specificity the reason why service could not be made. The Clerk of Court's office shall promptly file the return into the record.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Wexford shall file an answer or other responsive pleading as provided by Federal Rule of Civil Procedure 12 within twenty-one (21) days after being served with the summons and complaint.

New Orleans, Louisiana, this 3rd day of September, 2026.

Eldon E. Fallon

United States District Judge